## J. Warren Ellis and others v. Daniel G. Brown.

*Possession of lands: Agreement for possession: Mortgage.* An agreement in writing, made between the grantor and his grantees contemporaneously with the execution of the deed, whereby the grantor was permitted to retain possession of a portion of the property deeded, for a specified term, in consideration of his assistance in selling the property again, and was to receive certain specified benefits in case of sales, is held not to operate to give the grantor a lien on the land in the nature of a mortgage; and such agreement is no defense to a summary proceeding by the grantees under the statute to obtain possession of the land at the expiration of the term therein granted.

*Heard and decided May 1.*

Case made from Kent Circuit.

This was a summary proceeding for the possession of land. The case was brought before a circuit court commissioner and taken by appeal to the circuit court. The circuit judge tried it without a jury, and filed a special finding, giving judgment for the complainants. The respondent had deeded the property to the complainants Ellis and Field, and at the same time the parties to the deed entered into a peculiar written agreement, whereby Brown was to be permitted to remain in possession of a portion of the property deeded, for a specified term, in consideration of the assistance he was expected to render in effecting sales of the property. This agreement contained stipulations for giving Brown a percentage upon any sales he made, and all over a given price in case he made a cer-

tain specified sale, and also certain benefits in case Ellis and Field made a specified sale. Brown brought about no sale; but Ellis and Field sold a portion to complainant Merchant. Brown refused to give up possession, claiming that the deed and contract amounted in law to a mortgage; and this is the only question of law involved. The circuit judge found against the respondent on this question, and he brought the case to this court.

*Taggart & Allen*, for complainants.

*John McNamara*, for respondent.

THE COURT held that the decision of the circuit judge, that the contract, construed in connection with the deed, did not amount in legal effect to a mortgage, and that the contract was no defense to the proceeding for possession after the expiration of the term therein provided for, was clearly correct.

Judgment affirmed, with costs.